UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. David Anthony Wellman**           **Docket No. 5:24-CR-344-1D**

**Petition for Action on Supervised Release**

COMES NOW Scott Plaster, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of David Anthony Wellman, who, upon an earlier plea of guilty to Distribution of a Quantity of Fentanyl, in violation of 21 U.S.C. § 841(a)(1), was sentenced by the Honorable Robert C. Chambers, U.S. District Judge for the Southern District of West Virginia, on January 30, 2023, to the custody of the Bureau of Prisons for a term of 12 months and 1 day. The court further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of three years.

David Anthony Wellman was released from custody on June 8, 2023, at which time the term of supervised release commenced.

Jurisdiction was transferred from the Southern District of West Virginia to the Eastern District of North Carolina on November 21, 2024.

On January 22, 2025, a Violation Report was submitted advising the court of cocaine use by the defendant that was detected by urinalysis on January 6, 2025. Supervision was permitted to continue, and the defendant was referred to group substance abuse counseling, in addition to continued participation in individual counseling and substance abuse testing.

On February 12, 2025, the conditions of supervision were modified to include participation in a cognitive behavioral program as directed by the probation office in response to the defendant's use of cocaine. The defendant successfully completed cognitive behavioral therapy.

On July 3, 2025, the court agreed to a modification of the conditions of supervision to include a curfew for 30 days, with location monitoring, in response to the defendant's use of cocaine. The defendant successfully completed the curfew period.

On October 1, 2025, the case was reassigned from the Honorable Terrence W. Boyle to the Honorable James C. Dever III.

On October 3, 2025, the conditions of supervision were modified to include a curfew, with location monitoring, for 30 days, including home incarceration on the weekends except for treatment purposes in response to continued substance use by the defendant.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** On October 6, 2025, the defendant tested positive for cocaine. He admitted prior to the test that he would be positive for cocaine. He is active in his treatment program, and along with his clinician, developed a plan to attend counseling or community support meetings on a daily basis. The clinician is supportive of the proposed plan to continue working toward sobriety. The defendant attends drug testing as scheduled and is honest about any instances of use.

Pursuant to 18 U.S.C. § 3583(d), the court shall consider whether the availability of appropriate substance abuse treatment programs, or a person's current or past participation in such programs, warrants an exception to 18 U.S.C. § 3583(g)(4) when considering any action against a defendant who fails a drug test

David Anthony Wellman
Docket No. 5:24-CR-344-1D
Petition for Action
Page 2

while on supervised release. As Wellman is actively engaged in a treatment program, and considering 18 U.S.C. § 3583(d), the probation office respectfully recommends the defendant be permitted to continue supervision in lieu of revocation at this time. In response to his continued substance use, a 60-day curfew with location monitoring and home incarceration on weekends except for substance abuse treatment purposes is suggested to replace the 30-day curfew that was ordered on October 3, 2025. Any subsequent substance use will be reported to the court. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall adhere to a curfew as directed by the probation officer for a period not to exceed 60 consecutive days. The defendant is restricted to his residence during the curfew hours and will be restricted to his residence at all times on weekends except for substance abuse treatment purposes. The defendant shall submit to location monitoring technology as determined by the U.S. Probation Officer and comply with its requirements as directed.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Melissa K. Lunsmann
Melissa K. Lunsmann
Supervising U.S. Probation Officer

/s/ Scott Plaster
Scott Plaster
U.S. Probation Officer
310 New Bern Avenue, Room 610
Raleigh, NC 27601-1441
Phone: 919-861-8808
Executed On: October 21, 2025

## ORDER OF THE COURT

Considered and ordered this 21 day of October, 2025 and ordered filed and made a part of the records in the above case.

James C. Dever III
U.S. District Judge